**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

DOUGLAS DOYLE JR.,

     Plaintiff,

                                 Case No.:

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

     Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Douglas Doyle Jr., files his Complaint against Defendant, The Prudential Insurance Company of America, and says:

## I. JURISDICTION AND VENUE

1.     Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

## II. PARTIES

2.     Plaintiff, Douglas Doyle Jr. ("Mr. Doyle"), is a citizen of the United States of America, and was at all times relevant a participant of the long-term disability insurance policy at issue (the "LTD Policy"). Defendant, The Prudential Insurance Company of America ("Prudential" or "Defendant"), is the insurer and claims administrator of the long-term disability ("LTD") policy, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

1

### III.   FACTS

3.      At all times material to this action there was in full force and effect a group LTD Policy that was underwritten and administered by Defendant.

4.      At all times material to this action, Defendant operated under an inherent structural conflict of interest because of the Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5.      Mr. Doyle was employed with Emerald Performance Materials, LLC as a warehouse worker. By virtue of his employment at Emerald Performance Materials, LLC, Mr. Doyle was an eligible participant of the LTD Policy at all times material to this action.

6.      The purpose of the LTD Policy was to provide Mr. Doyle a monthly benefit in the event that he became disabled.

7.      The LTD Policy defined Disability, in pertinent part, as follows:

- *you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury,** and*
- *you are under the **regular care** of a **doctor,** and*
- *you have a 20% or more loss in your **monthly earnings** due to that sickness or injury.*

*After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:*

- *you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience; and*
- *you are under the regular care of a doctor.*

***Gainful occupation*** *means an occupation, including self employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds:*

- *60% of your **indexed monthly earnings,** if you are working; or*
- *60% of your monthly earnings, if you are not working.*

8.      Mr. Doyle suffers from a number of medical conditions, including but not limited to, hepatic encephalopathy, Fibromyalgia, and fatigue.

9.      Mr. Doyle is unable to perform any of the Duties of Any Occupation.

10.     Mr. Doyle is disabled under the terms of the LTD Policy.

11.     Mr. Doyle was forced to discontinue working on August 27, 2018, due to his disabling conditions.

12.     Mr. Doyle submitted his LTD claim pursuant to the terms of the LTD Policy.

13.     By letter dated June 4, 2019, Defendant acknowledged Mr. Doyle's disability under the LTD policy, accepting liability by approving and paying LTD benefits effective February 24, 2019.

14.     By letter dated February 4, 2021, Defendant terminated Mr. Doyle's LTD benefits, effective February 24, 2021, alleging that he is capable of performing Any Gainful Occupation.

15.     By letter dated February 3, 2022, Mr. Doyle appealed Defendant's decision to terminate his LTD benefits.

16.     By letter dated March 22, 2022, Mr. Doyle submitted additional medical information.

17.     By letter dated May 10, 2022, Defendant requested Mr. Doyle's permission to extend its appeal review beyond May 21, 2022, the 90th day.

18.     By letter dated May 11, 2022, Mr. Doyle informed Defendant that he did not give permission to extend its review beyond the statutory limit of 90 days.

19.     By letter dated May 11, 2022, Defendant advised that it would continue its review beyond May 21, 2022, the 90th day of the appeal review period, and would communicate its "determination on appeal to [Mr. Doyle] as soon as [its] review is completed but in no event later than July 4, 2022."

3

20.     Prudential has failed to render a long-term disability benefit decision in the time period allowed under ERISA.

21.     Mr. Doyle's long-term disability claim is deemed denied by Prudential's failure to render a timely decision.

22.     Mr. Doyle has exhausted his appeals under ERISA.

23.     In terminating Mr. Doyle's LTD benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

24.     The termination of Mr. Doyle's LTD benefits was a breach of the terms of the LTD Policy, and the decision was wrong and arbitrary and capricious.

25.     Defendant's termination of Mr. Doyle's disability benefits breached the fiduciary duties owed to Mr. Doyle under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Doyle as a participant of LTD Policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 25 as if fully stated herein and says further that:

26.     Plaintiff is entitled to certain benefits of the policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

27.     Plaintiff is entitled to the benefits identified herein because:

   a.   the benefits are permitted benefits under the LTD policy;

   b.   Plaintiff has satisfied all conditions to be eligible to receive the LTD benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

28. Defendant has refused to pay the benefits sought by Mr. Doyle, ignoring the medical records and clear opinions of his physicians.

## V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 28 as if fully stated herein and says further that:

29. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid LTD benefits, plus interest.

30. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. §1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

31. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had he not been wrongfully denied benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Douglas Doyle Jr., prays for a judgment against Defendant, The Prudential Insurance Company of America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 7th day of June 2022.*

/s/ Edward P. Dabdoub
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Tanja Vucetic Perez (FBN. 1018255)
tanja@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134

Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Douglas Doyle Jr.*